**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JAYME PHILLIPS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:10-cv-1280-LJM-DKL |
| | ) |
| **ANTHEM LIFE LONG TERM** | ) |
| **DISABILITY PLAN,** | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S REQUEST FOR DISCOVERY**

This matter is before the Court on Plaintiff's Motion for an Order Granting Her Right to Discovery. [Doc. 27.] In this action brought forth pursuant to the Employer Retirement Income Security Act (ERISA), 29 U.S.C. 1001 et seq., Plaintiff sought discovery outside of the administrative record to determine whether a conflict of interest existed on the part of Defendant. For the reasons set forth below, the motion is **GRANTED**.

"The Federal Rules of Civil Procedure provide for liberal discovery by requiring disclosure of any relevant matter." *Barker v. Life Ins. Co. of N. Am.*, 265 F.R.D. 389, 393 (S.D. Ind. 2009). "Relevant" material for the purposes of discovery includes anything that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The parties' briefs suggest that because the abuse of discretion standard applies in the review of the plan's actions below, discovery is therefore generally "limited to reviewing the administrative record before the plan administrator when it denied

1

benefits." See *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981-982 (7th Cir. 1999).

In the Seventh Circuit, ERISA plaintiffs were previously barred from engaging in discovery unless they could "identify a specific conflict of interest or instance of misconduct," and "make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 815 (7th Cir. 2006). The Seventh Circuit took the position that "discovery is normally disfavored in the ERISA context," and is only available in "exceptional circumstances." *Id.* at 814-815. In *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108; 128 S.Ct. 2343; 171 L.Ed.2d 299 (2008), the United States Supreme Court held an ERISA plan administrator who "administers whether an employee is eligible for benefits and pays benefits out of its own pocket" operates under a conflict of interest. While the Supreme Court did not specifically address discovery in that case, it did not find it to be "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id.* at 116-117.

The Seventh Circuit has not addressed the question whether *Glenn* affects discovery rules in ERISA cases. Not surprisingly the various courts within the Seventh Circuit have reached different conclusions. Some courts have continued to apply *Semien*'s two-prong test even after the Supreme Court's decision in *Glenn*. See *Allen v. HSBC-N. Am. (U.S.) Retirement Income*, No. 09-5713, 2010 U.S. Dist. LEXIS 88065, at *12 (N.D. Ill. Aug. 24, 2010);

*Ball v. Std. Ins. Co.*, No. 09-03668, 2010 U.S. Dist. LEXIS 50586, at *20 (N.D. Ill. May 17, 2010); *Garvey v. Piper Rudnick LLP Long Term Disability Ins. Plan*, 264 F.R.D. 394, 399 (N.D. Ill. 2009); *Nash v. Life Ins. Co. of N. Am.*, No. 09-C-1357, 2009 U.S. Dist. LEXIS 36285, at *5-6, 2009 WL 1181605 (N.D. Ill. Apr. 29, 2009); *Marszalek v. Marszalek & Marszalek Plan*, No. 06-C-3558, 2008 U.S. Dist. LEXIS 75319, at *6, 2008 WL 4006765 (N.D. Ill. Aug. 26, 2008).

However, courts in the Southern District of Indiana have generally concluded that *Glenn* abrogated the requirement in *Semien* that a plaintiff make an exceptional showing before obtaining discovery related to conflict of interest. See *Barker*, 265 F.R.D. at 394-395; *Anderson v. Hartford Life & Accident Ins. Co.*, 668 F.Supp.2d 1129, 1131-1132 (S.D. Ind. 2009); *Hughes v. CUNA Mut. Group*, 257 F.R.D. 176, 178-79 (S.D. Ind. 2009); *Fischer v. Life Ins. Co. of N. Am.*, No. 1:08-cv-0396-WTL-TAB, 2009 U.S. Dist. LEXIS 22487, at *6-8, 2009 WL 734705 (S.D. Ind. Mar. 19, 2009); *Gessling v. Group Long Term Disability Plan for Employees of Sprint/United Mgmt. Co.*, No. 1:07-cv-0483-DFH-DML, 2008 U.S. Dist. LEXIS 96623, at *3, 2008 WL 5070434 (S.D. Ind. Nov. 26, 2008); *Reimann v. Anthem Ins. Co., Inc.*, No. 1-08-CV-0830, 2008 U.S. Dist. LEXIS 88562, at *93-95 (S.D. Ind. October 31, 2008).[1] The consensus is that "the *Siemen* standard is incompatible with *Glenn*'s rejection of 'special

---

[1] In *Reimann* at *93, the court found that the defendant, apparently the same defendant in the instant case, administered the plan, and provided the underwriting for the plan; thus, any conflict of the interest on the part of the defendant was appropriately considered by the court. Two other courts reached similar conclusions. *Mitzel v. Anthem Life Ins. Co.*, 351 Fed. Appx. 74, 79 (6th Cir. 2009); *McIlhaney v. Anthem Life Ins. Co. Long Term Disability Plan*, No. 09-3887, 2010 U.S. Dist. LEXIS 81552, at *11 (C.D. Cal. Aug. 9, 2010).

3

procedural . . . rules.'" *Barker*, 265 F.R.D. at 394.² The conflict of interest determination cannot be accomplished without discovery. *Id.* Importantly, the Seventh Circuit recognized that a "conflict of interest exists when the administrator has both the discretionary authority to determine eligibility for benefits and the obligation to pay benefits when due." *Jenkins v. Price Waterhouse Long Term Disability Plan*, 564 F.3d 856, 861 (7th Cir. 2009).

The Federal Rules of Civil Procedure permit Plaintiff to explore Defendant's conflict of interest in discovery. *Hughes v. CUNA Mutual Group*, 257 F.R.D. 176, 179 (S.D. Ind. 2009). As such, the Court will permit Plaintiff, as a general proposition, to conduct discovery on whether a conflict of interest existed and whether such conflict influenced the claims denial decision. *Barker*, 265 F.R.D. at 395. The Court grants Plaintiff's motion to conduct reasonable and limited discovery into the conflict of interest on the part of Defendant under Fed. R. Civ P. 26(b). *Hall v. Life Ins. Co. of N. Am.*, 265 F.R.D. 356, 364 (N.D. Ind. 2010).

Dated: 08/15/2011

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

---

² Additionally, other circuits held that *Glenn* necessarily contemplated discovery beyond the administrative record if courts were to determine the likelihood that an administrator's conflict of interest influenced its decision in a given ERISA case. *See Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009); *Johnson v. Conn. Gen. Life Ins. Co.*, 324 Fed. Appx. 459, 466–467 (6th Cir. 2009); *Wilcox v. Wells Fargo and Co. Long Term Disability Plan*, 287 Fed. Appx. 602, 603 (9th Cir. 2008); *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162–63 (10th Cir. 2010).

4

Distributed to:

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com

Ada W. Dolph
SEYFARTH SHAW LLP
adolph@seyfarth.com

Brian M. Stolzenbach
SEYFARTH SHAW LLP
bstolzenbach@seyfarth.com